Sherrick Dwayne Ringer v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-146-CR

SHERRICK DWAYNE RINGER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

-----------

A jury convicted Appellant Sherrick Dwayne Ringer of four counts of aggravated sexual assault of a child under fourteen and sentenced him to fifty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings a single point on appeal, arguing that the trial court erred in denying his 
Batson
(footnote: 2) challenge to the State’s exercise of a peremptory strike against a black veniremember.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

The prosecutor struck Chris E. Onyeador, a black veniremember.  Appellant lodged his 
Batson
 challenge, and the trial court asked the State to explain the use of its peremptory challenge.  The reasons the prosecutor provided were:  (1) the veniremember’s name gave her reason to believe that he was born outside this country; (2) his accent gave her the impression that he was from Africa; (3) his accent was so “incredibly heavy” that she could not “understand most of what he said”; (4) she had concerns as to whether he would be able to understand English sufficiently; and (5) he looked “a little . . . lost” a couple of times.

Appellant argues that the prosecutor’s first two reasons are race-based and that the remaining three are unsupported by the record.  The Texas Court of Criminal Appeals has held that nationality is a race-neutral reason for striking a veniremember.
(footnote: 3)  Based on this reasoning, we are compelled to hold that the trial court did not err in denying Appellant’s 
Batson
 challenge.
(footnote: 4)
 We overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 13, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Batson v. Kentucky
, 476 U.S. 79, 106 S. Ct. 1712 (1986). 

3:
Wamget v. State
, 67 S.W.3d 851, 859 (Tex. Crim. App. 2001) (holding that the country of one's birth, standing alone, is race-neutral).

4:
See
 
Herron v. State
, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002) (holding that because the State offered race-neutral motives for its strike, and appellant failed to rebut those motives, the trial court did not err).